dlm/lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FLOYD E. MCNEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 08-4067-JAR |
| | ) |
| **OFFICER M. COBB,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the court on defendant Officer M. Cobb's Motion to Dismiss (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Floyd E. McNeal, acting *pro se*, filed this action against Officer Cobb pursuant to 42 U.S.C. § 1983 alleging violations of the plaintiff's constitutional rights resulting from his detention and citation during two separate pedestrian stops. The plaintiff has not filed a response to the defendant's motion and the time to do so has expired.[1]

The Court has considered whether the plaintiff's failure to respond to the motion to dismiss in a timely fashion should result in dismissal of the action. In the event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[2] Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days). Defendant Cobb filed his dismissal motion on June 27, 2008. Plaintiff did not file a response within the 23 day time period.

[2]D. Kan. Rule 7.4.

notice."³ Because the plaintiff has failed to respond to the defendant's motion to dismiss and has failed to make a showing of excusable neglect, the Court may grant the motion to dismiss simply based on this failure. Therefore, as a result of the plaintiff's failure to respond, the Court grants the defendant's motion. Furthermore, the Court analyzes the plaintiff's claims against the defendant, and concludes that these claims should be dismissed for failure to state a claim under the Rule 12(b)(6) standard.

**I.     Plaintiff's Complaint**

On two separate occasions, the plaintiff was cited for "pedestrian in roadway" violations. The plaintiff was stopped by defendant around 7:00 a.m. on May 2, 2008 near 13th and Polk Street, in Topeka, Kansas, while walking along the curb. The plaintiff was asked to provide the defendant his identification. The defendant issued a citation to the plaintiff for pedestrian in roadway where sidewalks are provided. On May 25, 2008, the plaintiff was again stopped by the defendant around 1:00 p.m. near 18th and Western Avenue, in Topeka, Kansas, as the plaintiff walked across the street. Other pedestrians were waking in the street but were not stopped and issued citations. The plaintiff was asked to provide identification to the defendant. The plaintiff asked the defendant to call the defendant's supervisor but the defendant refused; he instead called another officer for assistance. The defendant's back-up officer arrived and stood behind the plaintiff. The plaintiff felt threatened by the back-up officer's presence and called 911. The defendant issued the plaintiff a citation for pedestrian in roadway where sidewalks are provided and a citation for misuse of 911 services.

**II.    Standard**

---

³*Id.*

On May 27, 2008, the plaintiff filed a Complaint alleging that he was "accosted by and [sic] officer of the Topeka Police Department" on two separate occasions.[4] Liberally construing the plaintiff's Complaint, he brings an action under 42 U.S.C. § 1983 for violations of his 4th and 14th Amendment rights claiming equal protection and illegal search and seizure violations.

### A.     Rule 12(b)(6)

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[7]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[8] These deferential rules, however, do not allow a court to assume that a plaintiff "can

---

[4](Doc. 1, § III, ¶ 1.)

[5]*Bell Atl. Corp v. Twombly*, — U.S. —, —, 127 S. Ct. 1955, 1965 (2007).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[8]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[9]  The facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule 12(b)(6) muster."[10]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[11]

Because the plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[14]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[15]

### B.    Section 1983

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a

---

[9] *Associated Gen. Contractors of Cal., Inc.  v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[10] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[11] *Id.*

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[13] *Id.*

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[15] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

right, privilege, or immunity secured by federal law.[16] The plaintiff must also provide facts to establish the defendant's personal participation in the alleged deprivation of the plaintiff's constitutional rights.[17] Although a *pro se* litigant's pleadings are to be liberally construed, the plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based."[18] "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[19]

### III. Discussion

#### A. Equal Protection

The plaintiff alleges the defendant denied him equal protection under the Fourteenth Amendment because he "was stopped because he was a black male."[20] To state an equal protection claim, the plaintiff must allege that he was singled out for persecution due to some animosity on the part of the defendant.[21] The plaintiff fails to allege any facts to indicate that the defendant's decision to stop him was based on racial considerations. The plaintiff states in his Complaint that he was walking along the curb and crossing the street on the two occasions he was stopped and cited by the defendant. Although the plaintiff does allege that "other people

---

[16]*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir.1992).

[17]*Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996).

[18]*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996).

[19]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

[20](Doc. 1, Ex. A, ¶ 1.)

[21]*Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir.2001).

were jaywalking to, [sic] but were not treated as plaintiff was,"[22] he does not explain who the other people were or how he was treated differently than these other people, nor does he allege they were treated differently because of their race. The plaintiff does admit, however, to being in the roadway; therefore, his argument that his African ancestry motivated defendant to stop and detain him is sheer speculation. The Court finds the plaintiff has failed to allege facts sufficient to support a plausible equal protection claim.

### B.   Illegal Stop

The plaintiff alleges he was stopped by the defendant, without cause, in violation of his Fourth Amendment rights.[23] The Fourth Amendment protects individuals from "unreasonable searches and seizures."[24] The Supreme Court has held that an officer may conduct a brief investigatory stop of an individual if the officer has a reasonable suspicion based on specific and articulable facts that the individual is involved in criminal activity.[25] Reasonable suspicion does not exist solely on the basis of an officer's hunch.[26] To satisfy the Fourth Amendment, the officer must be able to articulate some minimal, objective justification for a *Terry* stop.[27]

The plaintiff's Complaint states that during the first encounter with the defendant, the plaintiff was "walking next to the curb."[28] The plaintiff also states that during the second

---

[22](Doc 1, § III, ¶ 4.)

[23](Doc 1, § III, ¶ 2, 4.)

[24]U.S. Const. amend. IV.

[25]*Terry v. Ohio*, 392 U.S. 1, 30 (1968).

[26]*United States v. Arvizu*, 534 U.S. 266, 273 (2002).

[27]*United States v. Melendez-Garcia*, 28 F.3d 1046, 1051 (10th Cir.1994).

[28](Doc 1, Ex.A, ¶ 2.)

encounter with the defendant, the plaintiff "proceeded to walk accross [sic] the street . . . ."[29] The plaintiff's allegations that he was illegally stopped are unfounded. The plaintiff's alleged facts that he was in the street during both stops support the defendant having a reasonable suspicion that the plaintiff was committing a crime. Therefore, the defendant's stop of the plaintiff was justified. The Court finds the plaintiff has failed to allege facts supporting a Fourth Amendment claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this   23rd    day of October 2008.

                                                   S/ Julie A. Robinson
                                                Julie A. Robinson
                                                United States District Judge

---

[29](Doc 1, § III, ¶ 4.)